Grover, J.
The judgment states that the action was referred to the referee by the court to hear and determine. This is conclusive that it was so referred, although the case states that the referee was appointed by the consent of the parties. The latter statement, in connection with the former, implies only that the referee was selected by the court with *273 consent of the parties. Had not the case been referred by order of the court, the judgment entered upon the report would have been unwarranted, and would have been set aside on motion. The exception by the plaintiff to the admission of evidence showing that Nichols executed the bond as surety for Green, was not well taken. That he so executed the bond appears on its face. The condition is, that his coobliger, Green, should pay, or cause to be paid, all of the indebtedness of the firm of Eoberts & Green at the date of the bond. This shows that Nichols was the surety of Green to Eoberts, that Green should pay the debts due from the firm of Eoberts & Green.
The learned judge, in giving the opinion of the General Term, suggests a doubt whether the plaintiffs, being creditors of Eoberts & Green, might not, without a transfer of the bond to them by Eoberts, have maintained an action against the defendants for the recovery of their debt upon the principle settled in Lawrence v. Fox (20 N. Y., 268). If the plaintiffs could recover upon the principle of that case,. I am unable to see why they were not entitled, to judgment in the action. The complaint contains a statement of all the essential facts, and the allegation of the assignment of the bond by Eoberts to the plaintiffs might be regarded as surplusage. But I do not think the case within the principle of Lawrence v. Fox. Green, was liable with Eoberts for the payment of the firm debts. He agreed, with. Eoberts, upon a valid consideration, to assume the payment of the whole of the debts, and Nichols undertook that he should perform this contract. This was no agreement made by Green and Nichols with the creditors, or for their benefit, but one with Eoberts, to exonerate him from his liability for the debts of the firm by payment which Green was to make, and, in case of his default,, such payment to be made by Nichols. All the liability incurred by either was upon the bond, and this was to the obligee only.
The note of Eoberts, which Nichols sought to have set off upon the bond, was not, nor had. it ever been,, the property of *274 the firm. The indebtedness of Roberts to the firm was discharged by his giving this note to Green for his proportion of this debt. This was, in effect, a division by the partners of so much of the firm property between them, and, when divided, each held his part individually. The bond was subject to the same defence against the plaintiff that it was'in the hands of Roberts at the time of the assignment. (Code, § 112.) The defendant, Nichols,, owned the note prior to the transfer of the bond by Roberts to the plaintiff. The defence is in all respects to be determined the same as if Roberts had been the plaintiff. So regarding it, I think the note a valid counter-claim. (Code, § 150.) The action was upon contract, and the note was the contract of Roberts, and existed at the commencement of the action, and then belonged to the defendant Nichols. Had Roberts been plaintiff, a several judgment might have been rendered in the action. (Code, § 274.) The action was founded upon the bond. There was no claim made in the complaint against Nichols upon the ground that he had received money or property from Green as a security for liability, as his surety, for the debt of the plaintiff; no recovery could, therefore, be had upon that ground.
The question whether the defendants or the plaintiffs were entitled to costs is not presented by the case. There is nothing showing that any such question was made or determined in the Supreme Court.
The judgment appealed from must be affirmed, with costs.
All. con cur.
Judgment affirmed.